IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIRST UNION MORTGAGE CORPORATION,**

    Plaintiff,

vs.                                                   Civ. No. 99-389 RLP/LCS

**GALEN J. SMITH, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court *sua sponte.* Plaintiff brought a foreclosure suit in State Court, seeking to force the sale of property pledged to secure a promissory note. The amount due on the note, in addition to fees and costs, was alleged in the Complaint to be $11,725.88, plus 8.5% interest, running from July 1, 1998. Defendant Smith removed the case to Federal Court on April 5, 1999. The Court, having reviewed the Notice of Removal and the Complaint, and, having construed the *pro se* Defendant's pleadings liberally, as required by *Celli v. Shoell*, 40 F.3d 324 (10th Cir. 1994), finds that it does not have jurisdiction over this case and therefore orders that it be remanded to the State Court.

    The Federal Rules of Civil Procedure direct that "'[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989)(quoting Fed. R. Civ. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with

1

a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Courts must look to the face of the complaint and the notice of removal in order to decide whether a party has adequately alleged facts sufficient to confer federal jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Federal Courts have two basic types of jurisdiction; diversity jurisdiction and federal question jurisdiction. The Court will analyze the Complaint and the Notice of Removal to see whether either exists in this case.

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. See 28 U.S.C. Sec. 1332(a). The Complaint in this case asks for $11,725.88, plus 8.5% annual interest, which has run for 9 months. The amount in controversy is far short of the $75,000 jurisdictional requirement. The Notice of Removal does not mention any amount in controversy. Accordingly, the Court does not have diversity jurisdiction.

For federal question jurisdiction to exist, a federal question must be presented on the face of the Plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In the present case, the face of the Complaint states claims for foreclosure and for money due on a note. These claims are based on state law; no federal questions appear on the face of the Complaint. Accordingly, the Court does not have federal question jurisdiction.

Were the Court to consider the Notice of Removal, the result would not change. In his Notice of Removal, Defendant raises several defenses to the claim. His defenses may well have merit; however, the existence of meritorious defenses to state law claims does not confer federal jurisdiction. Defendant also contends that Plaintiff has engaged in a conspiracy with a state district judge to defraud him. Liberally construed, this allegation may state a federal claim under 42 U.S.C. Secs. 1983 or 1985; however, this allegation is a counterclaim against the Plaintiff. A

federal question in a counterclaim will not confer federal jurisdiction if there is no federal question in the Complaint. *See generally Borek v. Weinreb Management,* 933 F.Supp. 357, (S.D.N.Y. 1996). Finally, Defendant contends that a vast racketeering conspiracy engulfs the practicing bar, the state judiciary and more than one member of the federal judiciary; however, he contends that it is slightly less likely that he will be arbitrarily deprived of justice in federal court than in state court. Defendant's desire for the most impartial forum available is understandable; indeed, one of the reasons for diversity jurisdiction was to protect out-of state defendants from the perceived bias of local jurors. *Caso v. Lafayette Radio Electronics Corp.*, 370 F.2d 707 (1st Cir. 1966). However, neither the Congress nor the Courts have seen fit to create a general "mistrust of state court" exception to the limited federal court jurisdiction provided by the Constitution and the United States Statutes. Accordingly, the Court has no jurisdiction over this case.

Even if the parties do not consent to his assuming jurisdiction, a federal magistrate judge may *sua sponte* order remand of a case if he determines that federal jurisdiction is lacking. *Haggard v. CCC Autobody, Inc.,*CIV. 98-1038 (D.N.M. Oct. 23, 1998). Accordingly, IT IS ORDERED that this case be remanded to the Second Judicial District Court for the County of Bernalillo, State of New Mexico.

_____
Leslie C. Smith
United States Magistrate Judge