IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIRST UNION MORTGAGE
CORPORATION,**

       **Plaintiff,**

vs.                                                                  **No. CIV 99-389 MV/LCS**

**GALEN J. SMITH, a single man,
GEORGE O. HELS and SHIRLEY
E. HELS, his wife, PATRICK J.
LACKEY and MONICA R. LACKEY,
his wife, ELISA MCDOWELL and JACK
MCDOWELL, wife and husband,**

       **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       **THIS MATTER** came before the Court upon Plaintiff's Motion to Remand Case to State Court Based on Lack of Subject Matter Jurisdiction (Doc. 12), filed December 11, 2000. The United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B), has considered the Motion, the memoranda submitted by the parties, and the applicable law, and finds the Motion to be well-taken and recommends that it be **GRANTED**.

### PROPOSED FINDINGS

       1.     Plaintiff brought a foreclosure suit in the Second Judicial District Court, County of Bernalillo, State of New Mexico, seeking to force the sale of property pledged to secure a promissory note. The amount due on the note, in addition to fees and costs, was alleged in the Complaint to be

$11,725.88, plus 8.5% interest, running from July 1, 1998.  Defendant Smith removed the case to Federal Court on April 5, 1999.  On April 8, 1999, I issued a Memorandum Opinion and Order remanding the case back to state court on the basis of lack of subject matter jurisdiction.  On April 13, 1999, Plaintiff filed a refusal of consent to proceed before a United States Magistrate Judge and the case was assigned to United States District Judge Santiago E. Campos.  On April 19, 1999, Plaintiff filed a motion to reconsider, contending in part that a United States Magistrate Judge lacked authority to remand the case to state court.  On June 25, 1999, Judge Campos denied the motion for reconsideration.  Plaintiff appealed.

      2.      On October 16, 2000, the Tenth Circuit Court of Appeals remanded for further consideration, holding that a remand order is a final decision or dispositive action that must ultimately be made by the district court.  *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000).  In so holding, the Tenth Circuit observed that a United States Magistrate Judge may recommend a remand "so long as the ultimate decision is made by the district court."  *Id.*, 229 F.3d at 996 (*citing Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988)).  Hence, the Motion to Remand shall be addressed through these Proposed Findings and Recommended Disposition

      3.      The United States Magistrate Judge, acting pursuant to 28 U.S.C. § 636 (b)(1)(B), having reviewed the Notice of Removal and the Complaint, and, having construed the *pro se* Defendant's pleadings liberally, as required by *Celli v. Shoel*, 40 F.3d 324 (10th Cir. 1994), finds that the Court does not have jurisdiction over this case and therefore recommends that it be remanded to the State Court.

      4.      The Federal Rules of Civil Procedure direct that "'[w]henever it appears by suggestion

of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989) (quoting FED. R. CIV. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10thCir. 1974). Courts must look to the face of the complaint and the notice of removal in order to decide whether a party has adequately alleged facts sufficient to confer federal jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Federal Courts have two basic types of jurisdiction; diversity jurisdiction and federal question jurisdiction. The Court will analyze the Complaint and the Notice of Removal to see whether either exists in this case.

5. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). The Complaint in this case asks for $11,725.88, plus 8.5% annual interest, which has run for nine months. The amount in controversy is far short of the $75,000 jurisdictional requirement. The Notice of Removal does not mention any amount in controversy. Accordingly, the Court does not have diversity jurisdiction.

6. For federal question jurisdiction to exist, a federal question must be presented on the face of the Plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In the present case, the face of the Complaint states claims for foreclosure and for money due on a note. These claims are based on state law; no federal questions appear on the face of the Complaint. Accordingly, the Court does not have federal question jurisdiction.

7. Were the Court to consider the Notice of Removal, the result would not change. In his Notice of Removal, Defendant raises several defenses to the claim. His defenses may well have

merit; however, the existence of meritorious defenses to state law claims does not confer federal jurisdiction. Defendant also contends that Plaintiff has engaged in a conspiracy with a state district judge to defraud him. Liberally construed, this allegation may state a federal claim under 42 U.S.C. §§ 1983 or 1985; however, this allegation is a counterclaim against the Plaintiff. A federal question in a counterclaim will not confer federal jurisdiction if there is no federal question in the Complaint. *See generally Borek v. Weinreb Management,* 933 F.Supp. 357, (S.D.N.Y. 1996).

8. Finally, Defendant contends that a vast racketeering conspiracy engulfs the practicing bar, the state judiciary and more than one member of the federal judiciary; however, he contends that it is slightly less likely that he will be arbitrarily deprived of justice in federal court than in state court. Defendant's desire for the most impartial forum available is understandable; indeed, one of the reasons for diversity jurisdiction was to protect out-of state defendants from the perceived bias of local jurors. *Caso v. Lafayette Radio Electronics Corp.*, 370 F.2d 707 (1st Cir. 1966). However, neither the Congress nor the Courts have seen fit to create a general "mistrust of state court" exception to the limited federal court jurisdiction provided by the Constitution and the United States Statutes. Accordingly, the Court has no jurisdiction over this case.

9. In his Motion to Reconsider, Defendant contended that the earlier analysis of the § 1443 issue was superficial and erroneous. Therefore, a thorough analysis of the §1443 issue is warranted. To permit removal of a state case to federal court pursuant to 28 U.S.C. § 1443, " it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel,* 384 U.S. 780, 792 (1966). In the present case, Defendant contends that Plaintiff's complaint is frivolous on its face, and that he will be unable to vindicate his rights against the Plaintiff if the suit is tried in state court because there

4

is a conspiracy among the New Mexico bench and bar to engage in racketeering against the class of persons to which Defendant belongs. Defendant does not specify what class it is to which he belongs, but it appears to be either the class of non-lawyer citizens or the class of *pro se* litigants.

10. Defendant never states in his notice of removal which federal rights will not be enforced by the state courts, but, even under the liberal construction mandated by *Celli*, Defendant's allegations of conspiracy and racketeering against *pro se* litigants or against the non-lawyer public in general cannot be said to arise under federal laws providing for specific civil rights stated in terms of racial equality. Similar allegations of judicial bias against an individual, and allegations of systemic judicial corruption, have been held insufficient for removal under Section 1443 in the absence of a racial element in the claim. *See, e.g., Smith v. State of Indiana,* 622 F.Supp. 973 (D.C. Ind. 1985) (individual bias); *Edwards v. City of Batesville,* 478 F.Supp. 855 (D.C.Ark. 1979) (systemic corruption). Defendant's allegations in the instant case were insufficient to allow removal. Therefore, Plaintiff's Motion to Remand Case to State Court Based on Lack of Subject Matter Jurisdiction (Doc. 12), filed December 11, 2000, should be granted and this matter should be remanded to the Second Judicial District, County of Bernalillo, State of New Mexico.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion to Remand Case to State Court Based on Lack of Subject Matter Jurisdiction (Doc. 12), filed December 11, 2000 be **GRANTED** and that this case be remanded to the Second Judicial District Court for the County of Bernalillo, State of New Mexico. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party

5

wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**