## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

01 AUG 29  PM 2:17

FIRST UNION MORTGAGE CORPORATION,

Plaintiff,

vs.                                                          No. Civ. 99-389  MV/LCS

GALEN J. SMITH, a single man; GEORGE O.
HELS and SHIRLEY E. HELS, his wife;
PATRICK J. LACKEY and MONICA R.
LACKEY, his wife; and ELISA MCDOWELL
and JACK T. MCDOWELL, wife and husband,

Defendants.


### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Galen J. Smith's Motion for

Reconsideration of the March 21, 2001 Order on Magistrate's February 15, 2001

Recommendations, filed April 4, 2001 [Doc. No. 33]. The Court, having read the motion,

memoranda, or other paper submitted by the parties, and being apprised of the applicable law,

concludes that Defendant Smith's motion will be denied.

This case is laden with irony. In February 1999, Plaintiff filed a complaint in the

Second Judicial District Court, County of Bernalillo, State of New Mexico. The complaint

sought foreclosure of real estate owned by all, some, or one of the defendants, and which real

estate appears to be the residence of Defendant Smith. On April 5, 1999, Defendant Smith

removed the case to federal court, pursuant to 28 U.S.C. §§ 1446(a) and 1443(1). As grounds

for his removal, Defendant Smith alleges that he cannot receive a fair hearing in state court,

vindicate his right to sue, or have this dispute settled according to law by an impartial tribunal,

38

because of the involvement of the state judiciary with the racketeering influence of the legal profession and because he has sought grand jury investigations into the conduct of New Mexico's district judges and supreme court justices.  Defendant Smith also appears to be implicitly contending that he is subject to "arbitrary discriminatory classification by the New Mexico judiciary" because of his pro se status.  Notice of Removal at 3.  Defendant Smith "has more confidence in the effect of  [c]ongressional interest in integrity of the federal courts than in accountability of state court judges."  Id.

On April 8, 1999, the magistrate court remanded the action to state court – three days after the notice of removal was filed and long before the deadline ran for the parties' filing of a consent or refusal to consent to proceed before a magistrate judge.[1]  The magistrate court concluded that it did not have subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) because diversity jurisdiction did not exist.  The magistrate court further concluded that it had no federal question jurisdiction over the action.  The magistrate court, however, failed to address the § 1443(1) basis of Defendant Smith's removal.  On April 19, 1999, Defendant Smith filed a motion for reconsideration of the remand order.  In a two-sentence order, filed June 25, 1999, the district court denied Defendant Smith's motion for reconsideration.  Defendant Smith appealed to the Tenth Circuit the magistrate court's remand order and the district court's order.  In an opinion filed October 16, 2000, the Tenth Circuit concluded that magistrate judges lack authority to issue remand orders.  The Tenth Circuit further concluded that the district court erred not only in the standard of review it applied and

---

[1] On April 13, 1999, Defendant Smith filed a refusal to consent to proceed before a magistrate judge.

its consideration of the magistrate's lack of authority to issue the remand order, but also in its

consideration of the fact that the remand order failed to consider § 1443 as the basis of

removal. The Tenth Circuit's mandate remanding the case to the district court was filed in the

district court on November 13, 2000.

On December 11, 2000, Plaintiff filed a motion to remand for lack of subject matter

jurisdiction. On January 3, 2001, Defendant Smith filed a motion to strike the remand motion

on the ground that the attorneys and/or firms who had signed Plaintiff's remand motion and/or

supporting brief had not entered an appearance and, thus, the motion and brief were not signed

as required by Fed. R. Civ. P. 11(a) (and D.N.M.LR-Civ 83.4). Defendant Smith did not file

a response to Plaintiff's remand motion, believing that such motion was procedurally improper

and should be stricken. On January 3, 2001, Plaintiff's counsel in question filed an entry of

appearance and request for order allowing nunc pro tunc effective date. On February 14,

2001, the magistrate court denied Defendant Smith's motion to strike, making no mention of

Plaintiff's nunc pro tunc request or of the requirements of Fed. R. Civ. Proc. 11(a) and

D.N.M.LR-Civ 83.4. On February 14, 2001, the magistrate court also filed its proposed

findings and recommended disposition as to Plaintiff's motion to remand. Although the

magistrate court stated it considered the memoranda submitted by the parties, it failed to note

that Defendant Smith had not filed a response and the reason for such failure. The magistrate

court recommended that the remand motion be granted for lack of subject matter jurisdiction.

The parties were informed they had ten days from the service date to file any written

objections. No written objections to the proposed findings and recommendations were filed.

This Court adopted the magistrate judge's proposed findings and recommended disposition in

3

an order filed March 21, 2001. Defendant Smith filed a motion for reconsideration on April 4, 2001, and a supporting brief on April 12, 2001.

For purposes of this opinion, the Court assumes the factual and legal bases exist for enlarging Defendant's time to object to the magistrate judge's recommendation and/or to file a motion for reconsideration. The Court acknowledges that neither it nor the magistrate court had the benefit of a response brief by Defendant Smith on the remand issue and 28 U.S.C. § 1443, and that in his reconsideration request Defendant Smith presented only a synopsis of his responsive arguments. The Court concludes that the law is correctly set out in the magistrate court's proposed findings and recommendations accepted by this Court.

Section 1443(1) provides for removal in civil rights cases. It allows for removal from state court any civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The United States Supreme Court has limited § 1443 removals to cases in which the defendant is alleging he is being deprived of a federal right on the basis of race. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); Georgia v. Rachel, 384 U.S. 780, 792 (1966). Unjust as it may be, under the current state of the law, discrimination on the basis of gender, age, religion, or pro se status or bias against a specific individual are insufficient grounds for removal under § 1443. See Rachel, 384 U.S. at 792 (§ 1443 applies only to denials of specific rights of racial equality and not to whole gamut of constitutional rights). Defendant Smith argues in his brief supporting his motion for reconsideration that because he invoked 42 U.S.C. § 1981, as amended, in his notice of removal and is alleging he is subject to denial of equal protection

4

under color of state law, he need not show racial discrimination or any classification basis. Contrary to Defendant Smith's argument, the 1991 amendments to 42 U.S.C. § 1981 do not extend the available grounds for removal under § 1443. Not only did Congress not expand § 1443 in its amendments to § 1981, but § 1981 remains limited to racial discrimination claims. See, e.g., O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1258 (10th Cir. 2001) (racial animus necessary element to support § 1981 discrimination claim).

Defendant Smith's allegations in his notice of removal are not racially-based. Consequently, as alluded to in the magistrate judge's proposed findings and recommended disposition, the first prong of Rachel has not been met.


**IT IS THEREFORE ORDERED** that Defendant Galen J. Smith's Motion for Reconsideration of the March 21, 2001 Order on Magistrate's February 15, 2001 Recommendations, filed April 4, 2001 [Doc. No. 33], is DENIED. The parties shall bear their own costs and expenses, including attorney's fees, resulting from the removal of this action, notwithstanding any independent right to such costs and expenses.


_____
UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: Kim A. Griffith and Ray M. Vargas II, SHEEHAN, SHEEHAN & STELZNER, P.A., Albuquerque, N.M., and Jeanette B. Martinez, GEER & LITTLE, P.A., Albuquerque, N.M.

Counsel for Defendant Galen J. Smith: Galen J. Smith, pro se, Albuquerque, N.M.

5