## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FIRST UNION MORTGAGE CORP.,

> Plaintiff,

vs.                                                     Civ. No. 99-00389 MV/LCS

GALEN J. SMITH,

> Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Galen J. Smith≥s Motion to

Vacate Remand Order for Fraud Upon the Court, filed June 22, 2004, **[Doc. No. 41]**.  The Court,

having considered the motion, response, reply, relevant law, and being otherwise fully informed,

finds that Defendant≥s Motion to Vacate will be **DENIED**.

## FACTUAL BACKGROUND

In February 1999, Plaintiff First Union Mortgage Corporation filed a foreclosure action

against Defendant Galen Smith in New Mexico state court.  Defendant filed a notice of removal

to the United States District Court on April 5, 1999.  On April 8, 1999, Magistrate Judge Smith

issued an order remanding the case to state court on the basis of lack of subject matter

jurisdiction.  Defendant filed a motion for reconsideration of the remand order, which this Court

denied.  Defendant appealed the matter to the Tenth Circuit, which found that Magistrate Judge

Smith did not have the jurisdiction to issue the remand order and that this Court must conduct a

*de novo* review of the basis for remand.  Plaintiff renewed its motion to remand on December 11,

2000.  Magistrate Judge Smith made recommendations that the matter be remanded and on

March 21, 2001, this Court entered an order adopting Magistrate Judge Smith≡s recommendations and remanding the matter to state court.

After the remand and another appeal, Plaintiff and Defendant engaged in settlement negotiations.  Defendant asserts that during those discussions, counsel for Plaintiff stated on Defendant≡s answering machine[1] that a response to Defendant≡s counteroffer would take some time because Freddie Mac--the Federal Home Loan Mortgage Corporation--would have to approve the offer.  Defendant now argues that Plaintiff purposefully and inappropriately obscured Freddie Mac≡s interest in the subject property as a means to influence this Court to remand this matter to state court.  Defendant further asserts that Plaintiff falsified a document purporting to show a transfer of interest in the mortgage on the subject property from Freddie Mac to First Union.  Accordingly, Defendant moves the Court to vacate its remand order on the grounds that Plaintiff has perpetrated a fraud upon the court.

## DISCUSSION

Plaintiff≡s Motion to Vacate implicates two possible legal bases for relief: (1) Federal Rule of Civil Procedure 60(b) and (2) the Court≡s inherent power to vacate its own judgment based upon a fraud on the Court.

I.      **Federal Rule of Civil Procedure 60(b)**

Federal Rule of Civil Procedure 60(b) provides a means for parties to seek relief from a final judgment or order entered by the court.   Although district courts have Asubstantial discretion in connection with a Rule 60(b) motion," *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990), Rule 60(b) relief "is extraordinary and may only be granted in exceptional

---

[1] Defendant is appearing *pro se* and was communicating directly with counsel for Plaintiff.

circumstances." *Amoco Oil Co. v. U.S. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) (*citing Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

The bases for granting Rule 60(b) relief potentially relevant here are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct, of an adverse party; ...or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

To the extent Defendant=s Motion is predicated on Rule 60(b)(1), (2), or (3), it must be denied as time-barred. Motions under Rule 60(b)(1), (2), and (3) must be made less than one year after the judgment, order, or proceeding was entered. Fed.R.Civ.P. 60(b). The order from which Defendant seeks relief was entered on March 21, 2001. Defendant filed this motion on June 22, 2004, over three years later. While the Rule 60(b)(6) subclause does not have a time limitation it may only be invoked on grounds not specifically enumerated in any of the first five subclauses. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393 (1993) (holding that the "provisions [of Rule 60(b) ] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."). Defendant pursues his motion on the grounds of fraud, which is specifically addressed in Rule 60(b)(3). The absence of the time limitation under (b)(6), therefore, does not allow Defendant to avoid the effect of the one-year limitations period under (b)(3). *See, e.g., U.S. v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) ("The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other

than those enumerated in the previous five clauses . . . Because fraud is one of the reasons for

relief appearing in clause (3), it is not available as 'any other reason' under clause (6)").

As a result, Defendant may not pursue his motion to vacate under Rule 60(b).

## II.      Court's Inherent Power to Set Aside Judgment Based Upon Fraud on the Court

The foreclosure of Rule 60(b) as an avenue for seeking relief does not end the analysis.  A

party may still invoke the inherent power of a court to set aside its judgment if procured by a

fraud upon the court.  *Buck,* 281 F.3d at 1341.  Federal courts retain a variety of inherent powers,

including the inherent power to vacate their own judgment upon proof that a fraud has been

perpetrated upon the court.  *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (*citing*

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)).  Inherent powers,

however,  must be exercised with restraint and discretion.  *See Roadway Express, Inc. v. Piper,*

447 U.S. 752, 764 (1980).

A court may conclude that a fraud has been perpetrated on the court only if an intent to

deceive or defraud is shown.  *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th

Cir. 1995) ("Thus, when there is no intent to deceive, the fact that misrepresentations were made

to a court is not of itself a sufficient basis for setting aside a judgment under the guise of 'fraud on

the court.'").  A fraud on the court may be sufficient to vacate a judgment if it is "directed to the

judicial machinery itself and is not fraud between the parties or fraudulent documents, false

statements or perjury."  *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983); *Great*

*Coastal Exp. v. International Bhd. of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982) ("courts

confronting the issue have consistently held that perjury or fabricated evidence are not grounds

for relief as 'fraud on the court'") (citing numerous additional cases).  As a result, fraud upon the

court typically refers only to very unusual cases such as the bribery of a judge or the knowing

participation of an attorney in the presentation of perjured testimony. *See* 11 Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ' 2870 at 418-20; *Baltia Air*

*Lines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 643 (D.C. Cir. 1996) (concluding that

there was no basis for a finding of fraud on the court where representatives of a corporate party

perjured themselves and the party's attorney misled the court).

Defendant presents no evidence,[2] and little argument, in support of his assertion that

Plaintiff intended to defraud the Court.  In essence, Defendant argues that Plaintiff failed to

disclose that Freddie Mac was the real party in interest in the case[3] and presented a falsified

document showing that Freddie Mac=s interest in the mortgage on subject property had been

transferred to First Union.  This was done, according to Defendant, to defeat this Court=s

jurisdiction.

Under controlling caselaw, a falsified document is insufficient grounds to reverse a

judgment under the Court=s inherent powers. *Bulloch*, 721 F.2d at 718.  But even if it were a

sufficient basis, Defendant presents no information or evidence for the Court to conclude that any

---

[2] Defendant=s assertion regarding Plaintiff counsel=s fraud is primarily based on a statement allegedly made on Defendant=s answering machine.  Defendant presents no evidence tending to prove this occurred.  Although an assertion such as Defendant=s would typically be presented by some form of reliable evidence, the Court, noting that Defendant is proceeding *pro se*, will analyze Defendant=s motion as if he had presented his assertion through some form of competent evidence, such as an affidavit.

[3] Defendant notes that Freddie Mac=s authorizing legislation states that any action in which Freddie Mac is a party is within the subject matter jurisdiction of the federal courts. 12 U.S.C. ' 1452(f) ("...all civil actions to which the [Federal Home Loan Mortgage] Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value...").

documents were falsified; that Freddie Mac has an interest in the subject property; that Freddie

Mac would have been a proper party in the case; or that Freddie Mac=s possible role in the case

was purposefully misrepresented in any way as an effort to improperly influence the Court.   To

the contrary, the January 19, 1999 assignment of the subject mortgage from Freddie Mac to First

Union Mortgage Corporation appears to make a legal transfer of Freddie Mac=s interest in the

property to First Union.  There is no reason for the Court to suspect that the document was

falsified or altered or that there is anything disingenuous about Plaintiff=s assertion that the interest

in the subject mortgage transferred from Freddie Mac to First Union.

On the record before it, the Court can reach no conclusion as to why counsel for First

Union stated that Freddie Mac would have to approve a settlement offer, but there is simply no

evidence to support a conclusion that a fraud was perpetrated on the Court through Plaintiff

counsel's nondisclosure of any role Freddie Mac may have played, or is playing, in the matter.

Defendant, therefore, fails to meet the high standard for setting aside the remand order entered by

this Court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Galen J. Smith's Motion to Vacate

Remand Order for Fraud Upon the Court, filed June 22, 2004, **[Doc. No. 41]**, is hereby

**DENIED**.

Dated this 4th day of November, 2004.

_____

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE