IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FIRST UNION MORTGAGE CORP.,

    Plaintiff,

vs.                                                        Civ. No. 99-00389 MV/LCS

GALEN J. SMITH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Galen J. Smith's Motion to Reconsider Nov. 4 2004 Order Denying Defendant's Motion to Vacate Remand Order for Fraud Upon the Court, filed November 19, 2004, **[Doc. No. 49]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that Defendant's Motion to Reconsider will be **DENIED**.

## FACTUAL BACKGROUND

In February 1999, Plaintiff First Union Mortgage Corporation ("First Union") filed a foreclosure action against Defendant Galen Smith in New Mexico state court. Defendant filed a notice of removal to the United States District Court on April 5, 1999. On April 8, 1999, Magistrate Judge Smith issued an order remanding the case to state court on the basis of lack of subject matter jurisdiction. Defendant filed a motion for reconsideration of the remand order, which this Court denied. Defendant appealed the matter to the Tenth Circuit, which found that Magistrate Judge Smith did not have the jurisdiction to issue the remand order and that this Court must conduct a *de novo* review of the basis for remand. Plaintiff renewed its motion to remand

on December 11, 2000.  Magistrate Judge Smith made recommendations that the matter be remanded and on March 21, 2001, this Court entered an order adopting Magistrate Judge Smith=s recommendations and remanding the matter to state court.

After the remand and another appeal, Plaintiff and Defendant engaged in settlement negotiations.  Defendant asserts that during those discussions, counsel for Plaintiff stated on Defendant's answering machine[1] that a response to Defendant's counteroffer would take some time because Freddie Mac--the Federal Home Loan Mortgage Corporation--would have to approve the offer.  Defendant filed a motion to vacate the remand order, arguing that these allegations showed that Plaintiff perpetrated a fraud upon the Court in an effort to defeat this Court=s jurisdiction.  The Court denied Defendant=s Motion, finding that Defendant had presented no evidence suggesting that documents were falsified; that Freddie Mac had an interest in the subject property; that Freddie Mac would have been a proper party; or that Freddie Mac's role possible role in the case was improperly misrepresented to the Court.  Defendant now moves for reconsideration of the Court's Order.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59.  The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion.  *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a

---

[1] Defendant is appearing *pro se* and was communicating directly with counsel for Plaintiff.

prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Absent extraordinary circumstances, a motion to reconsider may not be used "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Read generously, Defendant=s Motion and vituperative Reply assert a manifest error of law. Defendant argues that this Court erred when it ruled that Defendant had failed to meet the requisite standard of showing a fraud on the court because the Court did not consider any distinction between the legal standard for considering allegations of a general fraud on the court and the legal standard for considering allegations of a fraud on the court as to jurisdiction. As Defendant notes in his motion, in *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983), the Tenth Circuit suggested a distinction between a general fraud on the court and a fraud on the court as to jurisdiction. *Bulloch* did not, however, elaborate on the effect of any possible distinction. In fact, the suggested distinction is made in the context of the general statement that a fraud on the court is directed at the judicial machinery itself.

Neither *Bulloch* nor any other Tenth Circuit decision alters the standard for establishing a fraud on the court, whether as to jurisdiction or otherwise, which requires a showing by clear and convincing evidence that an intentional misrepresentation was made to the Court. *See, e.g., Brown v. Uniroyal, Inc.,* 108 F.3d 1306, 1310 (10th Cir. 1997) ("The plaintiffs to prevail must have shown by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment."); *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995) ("Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not of itself a sufficient basis for setting aside a

judgment under the guise of 'fraud on the court.'").  A party alleging that a fraud as to jurisdiction was made on a court must show, therefore, by clear and convincing evidence that a fraud was perpetrated and it was done with an intent to deceive or defraud the court.

This is the standard the Court applied in its November 4, 2004 Memorandum Opinion and Order, where the Court found that Defendant had presented no evidence that First Union misrepresented any facts to the Court regarding the role of Freddie Mac.  Indeed, as the Court found, the evidence suggests the contrary--that Freddie Mac had transferred the subject mortgage to First Union and had no continuing role in the matter before the Court.  Accordingly, the Court reiterates its holding that Defendant has failed to meet the requisite showing for establishing a fraud on the court as to jurisdiction.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Galen J. Smith=s Motion to Reconsider Nov. 4 2004 Order Denying Defendants=s Motion to Vacate Remand Order for Fraud Upon the Court, filed November 19, 2004, **[Doc. No. 49]**, is hereby **DENIED**.

Dated this 21st day of June, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE